IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                           **Civil Action No. 2:07-00409**

**JOHN McKAY, Jail Administrator,**
**South Central Regional Jail,**
**JOHN KING, Regional Jail Authority,**
**LIEUTENANT RICK ROGERS, South Central**
**Regional Jail, and SOUTH CENTRAL**
**REGIONAL JAIL,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: (1) plaintiff's motion for injunctive relief (Doc. No. 7), (2) defendants' motion to dismiss and/or for summary judgment (Doc. No. 14), and (3) plaintiff's motion for default judgment (Doc. No. 16). By Standing Order entered on August 1, 2006, and filed in this case on June 28, 2007, this matter was referred to United States Magistrate Judge Mary E. Stanley. (Doc. No. 4.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendations concerning the disposition of this matter. On February 29, 2008, the magistrate judge submitted her Proposed Findings and Recommendations ("PF & R"), recommending that this court deny plaintiff's motions for injunctive relief and default

judgment and grant defendants' motion for summary judgment. (Doc. No. 33.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the magistrate judge's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

## I. The Plaintiff's Objection

The plaintiff submitted a timely objection to the PF & R on March 13, 2008. (Doc. No. 34.) Interpreted in the most liberal fashion, his sole objection to the PF & R is that the magistrate judge erred by holding that the plaintiff had failed to allege a violation of a constitutional right. (Id.) Particularly, the plaintiff cites several cases which stand for the proposition that, when it is alleged that prison officials took retaliatory action against a prisoner for filing grievances or civil suits, a First Amendment violation has been alleged. (Id.)

## II. Analysis

In recommending that this court grant the defendants' motion for summary judgment, Magistrate Judge Stanley reasoned that the defendants were entitled to qualified immunity because the plaintiff had failed to adequately allege the violation of a

-2-

constitutional right. (Doc. No. 33 at 15.) In holding so, she stated that "[p]laintiff has not suffered any lack of access to the courts, and he has not alleged that any other constitutional right was adversely affected." (Id. at 14.)

Although Magistrate Judge Stanley addressed the plaintiff's "due process" and "equal protection" allegations by finding that the plaintiff had not suffered any lack of access to the courts, she did not identify the plaintiff's retaliation claim as properly stating a cause of action under the First Amendment. In Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005), the Seventh Circuit noted that "due process and retaliation claims are analyzed differently." In order to succeed on his First Amendment retaliation claim, the plaintiff not only needs to prove that the filing of civil suits against prison officials was a motivating factor behind his placement in administrative segregation, but that absent any retaliatory motive the plaintiff would not have been placed in administrative segregation. Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996) (citing Mt. Healthy City School District v. Doyle, 429 U.S. 274, 287 (1977). Moreover, the court further recognizes that the plaintiff's "burden is high." White, 102 F.3d at 275.

In the instant case the plaintiff claimed that he was administratively segregated in retaliation for having filed several civil suits against prison officials. This allegation,

standing alone, states a cause of action under the First Amendment. See <u>Atkinson v. Taylor</u>, 316 F.3d 257, (3rd Cir. 2003) (citing <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373-74 (3rd Cir. 1981) for the proposition that where a prisoner alleges that he was subjected to a series of disciplinary actions in retaliation for filing a civil rights suit against prison officials, the prisoner has stated a cause of action for infringement of the prisoner's First Amendment right).

Despite the fact that the plaintiff failed to expressly invoke the First Amendment in his Complaint, this court, pursuant to its longstanding duty to "construe pro se pleadings liberally," <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002), now finds that the allegations set forth in the plaintiff's Complaint state a cause of action under the First Amendment.

Accordingly, the plaintiff has adequately alleged a violation of a clearly established constitutional right, and as a result the defendants are not entitled to summary judgment based on the defense of qualified immunity.

### III. Conclusion

For the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **SUSTAINED**. The court **REJECTS** in part and **ACCEPTS** in part the factual and legal analysis contained within the Proposed Findings and Recommendation, **DENIES** the plaintiff's motion for injunctive

-4-

relief (Doc. No. 7), and **DENIES** the plaintiff's motion for default judgment (Doc. No. 16). The defendants' motion to dismiss and/or for summary judgment (Doc. No. 14), is **GRANTED** inasmuch as it requests that the South Central Regional Jail be **DISMISSED** from the action, and **DENIED** without prejudice in all other respects. Additionally, the case shall once again be **REFERRED** to Magistrate Judge Stanley for further proceedings to determine whether the plaintiff can raise an issue of material fact as to his retaliation claim against the remaining defendants.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 19th day of March, 2008.

ENTER:

David A. Faber
United States District Judge