```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**HARVEY PATRICK SHORT,**

     **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 2:07-0409**

**JOHN McKAY, Jail Administrator,
South Central Regional Jail;
JOHN KING, Regional Jail
Authority; and
LIEUTENANT RICK ROGERS,**

     **Defendants.**

### MEMORANDUM OPINION

Pending before the court are the parties' motions for summary judgment (Doc. Nos. 64, 69), as well as plaintiff's Motion for Appropriate Relief from the Court (Doc. No. 70). By Standing Order entered August 1, 2006, and filed in this matter on June 28, 2007, this action was referred to Magistrate Judge Mary E. Stanley pursuant to 28 U.S.C. § 636 for her recommendation as to disposition. On February 23, 2009, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") recommending that the court grant defendants' renewed motion for summary judgment. (Doc. No. 75.) Upon plaintiff's motion, the court extended the deadline for filing objections to the PF & R to March 31, 2009. (Doc. No. 78.) Plaintiff then submitted timely objections, which were delivered to the chambers of the undersigned, and which the court

has had filed.[*]  (Doc. No. 80.)  Having conducted a *de novo* review of the matter, see Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989), the court overrules plaintiff's objections, grants summary judgment in favor of defendants as to plaintiff's First Amendment retaliation claim, and dismisses plaintiff's Due Process and Equal Protection claims for failure to state a claim upon which relief can be granted.

## I.  **Standard of Review**

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  As the United States Supreme Court of Appeals stated in Celotex, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[*] Because plaintiff's objections – which were submitted before the extended deadline set by the court – were received in photocopy form in chambers, they were believed to be a courtesy copy.  When it became apparent that no original had been filed with the Clerk, the court filed the objections in the record.

case, and on which that party will bear the burden of proof at trial." Id. at 322.

Once the moving party has met its burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-51. Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.

Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  As such, summary judgment is not appropriate where there is a dispute as to the conclusions to be drawn from the evidentiary facts, even if there is no dispute as to the facts, themselves.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

> Where, as here, the nonmoving party would on trial carry the burden of proof, he is therefore entitled, as on motion for directed verdict, to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorably to him, the most favorable of possible alternative inferences from it drawn in his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered.

Id.

## II. **Plaintiff's Objections**

Plaintiff's Objection Twenty-Two asserts that the magistrate judge erred in considering defendants' Renewed Motion for Summary Judgment because it was filed outside the time frame set by the court for the filing of dispositive motions. (Doc. No. 80 at 9-10.) As the magistrate judge explained, the parties' filing of their joint exhibits and the transcript from the October 7, 2008, evidentiary hearing was hampered by the plaintiff's intervening transfer to the Anthony Center. Because it is in the court's discretion to extend the deadlines in its scheduling orders, see Local Rule Civ. P. 16.1(f), and because plaintiff was in no way prejudiced by the extension, (see Doc. No. 75 at 25-26), his objection to the court's consideration of the defendants' motion and to the magistrate judge's denial of his Motion for Appropriate Relief is overruled.

Plaintiff's Objections One through Eight take issue with the magistrate judge's account of various facts, none of which is determinative of plaintiff's claims. (Doc. No. 80 at 1-3.)

-4-

Plaintiff's Objections Nine through Eighteen appear to relate generally to his First Amendment retaliation claim, while Objection Twenty-Three asserts that the magistrate judge's determination of the facts was partial and unfair to plaintiff. Essentially, plaintiff contends that his testimony at the evidentiary hearing and by affidavit raises a genuine issue of material fact as to whether he was placed in administrative segregation in retaliation for his filing of civil suits against prison officials. He argues that the magistrate judge improperly made a credibility determination in accepting defendant McKay's and defendant Rogers's version of events in lieu of his own. (Doc. No. 80 at 3-8, 10.)

Plaintiff's objections in this regard have no merit if, viewing the facts and factual inferences in the light most favorable to him, he has failed to meet the high standard necessary to prove a First Amendment retaliation claim. As a threshold matter, plaintiff must demonstrate either that the allegedly retaliatory act was made in response to the exercise of a constitutionally protected right, or that the act itself violated a constitutional right. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff must then show that he suffered some adversity in response to his exercise of a protected right. <u>ACLU v. Wicomico County, Md.</u>, 999 F.2d 780, 785 (4th Cir. 1993). Most importantly, "an inmate must come forward with specific evidence

'establishing that but for the retaliatory motive, the complained of incident . . . would not have occurred.'" Miska v. Middle River Regional Jail, No. 7:09-cv-00172, 2009 U.S. Dist. LEXIS 56661, at *17 (W.D. Va. July 2, 2009)(quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)). The ultimate question is thus whether events would have transpired differently absent the retaliatory motive. Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996)(citing Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 287 (1977)).

Furthermore, the context in which the events took place is relevant to the court's review of the facts:

> Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Adams, 40 F.3d at 74.

As the magistrate judge explained in great detail, the record is replete with instances of plaintiff's misconduct, which has frequently been of a violent nature. (Doc. No. 75 at 3-11; Doc. No. 66.) Although plaintiff denies that certain incidents occurred as alleged by defendants and described by jail records, he acknowledges that he has committed many of the charged infractions, including the January 2007 destruction of a

television and a water fountain.  (Doc. No. 56 at 67, 74, 76-78, 81-82, 85-86, 93, 95.)  Even if defendants were motivated to retaliate against plaintiff for his filing of law suits, their administrative segregation of plaintiff is amply justified in the interests of jail safety and order.  Considering plaintiff's many infractions, it most certainly cannot be said that but for a retaliatory motive on the part of defendants, plaintiff would not have been segregated or restricted.  See Babcock, 102 F.3d at 275; Woods, 60 F.3d at 1166.

In Objections Fifteen through Twenty, plaintiff attempts to parse the time period during which he has remained in segregation as compared to the exact dates of his infractions.  (Doc. No. 80 at 6-9.)  Such an inquiry, however, would engage the court in excessive interference in routine jail management, without allowing jail officials the measure of deference necessary to conduct the jail's day-to-day affairs.  See Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979)(explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"); Babcock, 102 F.3d at 275 (First Amendment retaliation claims should be considered in light of the "general tenor" of Sandin v. Conner, 515 U.S. 472, 482 (1995), without "excessive judicial involvement in day-to-day prison management.").

With respect to plaintiff's Due Process claim, the magistrate judge concluded that plaintiff had failed to establish a liberty interest in being free from administrative segregation. (Doc. No. 75 at 16-22.)  Citing Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997), the magistrate judge explained that, if plaintiff cannot establish a liberty interest in not being classified in administrative segregation, "the violations of procedural due process which he alleges are not actionable." (Id. at 18-19.)  Plaintiff's Objection Nineteen notes that he was a pretrial detainee until he was sentenced on January 15, 2009, and that his case is thus controlled by Bell v. Wolfish, 441 U.S. 520 (1979), rather than Sandin v. Connor, 515 U.S. 472 (1995). In his Objection Twenty, plaintiff argues that the State of West Virginia created a liberty interest in enacting Title 95 of the Code of State Rules.  (Doc. No. 80 at 8-9.)

In Bell, the Supreme Court directed courts to consider whether the restrictions and conditions accompanying pretrial detention are imposed for the purpose of punishment or whether they are incidental to some other legitimate governmental purpose, such as the vital government interest in maintaining security and order at a correctional institution.  Bell, 441 U.S. at 538.  In making that determination, the Supreme Court admonished, courts should heed the warning that "'[such] considerations are peculiarly within the province and

-8-

professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'"  Id. at 540 n.23 (quoting Pell v. Procunier, 417 U.S. 817, 827 (1974)).

As explained above, the defendants had very good reason to impose administrative segregation due to plaintiff's repeated outbursts and infractions.  Indeed, Title 95 of the Code of State Rules – upon which plaintiff relies – prescribes administrative segregation as a means by which jail officials "shall . . . protect inmates from themselves or other inmates."  W. Va. C.S.R. § 95-1-15.9.  Defendants segregated plaintiff for legitimate reasons, and did so without abandoning the procedural directives for operation of jails set forth in Title 95.  Plaintiff's objections on this point are therefore overruled.

Finally, plaintiff objects to the dismissal of his Equal Protection claim, simply repeating in Objection Twenty-One his previous allegation that, due to his filing of lawsuits, he remained in segregation longer than other inmates with worse histories of infractions.  (Doc. No. 80 at 9.)  In her PF & R, Magistrate Judge Stanley observed that, because plaintiff had not alleged that a fundamental right or suspect classification was at issue, a rational basis review applies to plaintiff's Equal

Protection claim. (Doc. No. 75 at 23-24.) The magistrate judge then concluded that segregating inmates "who have repeatedly violated prison rules and engaged in altercations with other inmates and staff . . . is rationally related to the legitimate government interest in the safety of inmates and staff and the lack of disruption in daily prison life." (Id. at 24 (citing Moss v. Clark, 886 F.2d 686 (4th Cir. 1989).) Because plaintiff fails to address the magistrate judge's legal analysis on this point, his objection must be overruled.

### III. Conclusion

For the reasons set forth above, the court hereby 1) **DENIES** plaintiff's Cross Motion for Summary Judgment (Doc. No. 64); 2) **GRANTS** defendants' Renewed Motion for Summary Judgment, which pertains to plaintiff's First Amendment retaliation claim (Doc. No. 69); 3) **DENIES** plaintiff's Motion for Appropriate Relief from the Court (Doc. No. 70); and 4) in an accompanying judgment order entered this day, **DISMISSES** plaintiff's Due Process and Equal Protection claims for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record and to plaintiff, *pro se*.

It is **SO ORDERED** this 26th day of August, 2009.

ENTER:

David A. Faber
Senior United States District Judge

-10-